IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEROME HOPES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0281-M |
| | § | |
| DAN JOSLIN, Warden | § | |
| FCI-Seagoville | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Jerome Hopes, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of jurisdiction.

I.

Petitioner was convicted by a jury in the Southern District of Texas of distributing approximately 2.31 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(C). Punishment was assessed at 57 months confinement followed by supervised release for a period of three years. *United States v. Hopes*, No. 6-03-CR-057 (S.D. Tex. May 5, 2004). A subsequent appeal was dismissed as frivolous. *United States v. Hopes*, 110 Fed.Appx. 449, 2004 WL 2368360 (5th Cir. Oct. 21, 2004). Petitioner now seeks habeas relief pursuant to 28 U.S.C. § 2241.[1]

In his sole ground for relief, petitioner contends that he is entitled to a sentence reduction because a 1994 state drug conviction, which was used to enhance his federal sentence, has been

---

[1] Petitioner has filed another section 2241 motion challenging the calculation of his sentence by the Bureau of Prisons. That case is currently pending before another judge in this district. *Hopes v. Joslin*, No. 3-05-CV-2424-G.

reclassified as a state jail felony. Process has been withheld pending a preliminary screening of the motion.

II.

As a threshold matter, the court must determine whether this claim is properly raised in a section 2241 habeas petition. A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside sentence under 28 U.S.C. § 2255. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Id.* at 877-78. However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective. *Jeffers v. Chandler*, 234 F.3d 277, 280-81 (5th Cir. 2000). A petitioner must satisfy two factors to show inadequacy. First, the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense." *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id.*

Petitioner seeks habeas relief based on the reclassification of a state drug offense that was used to enhance his federal sentence. Such a claim does not implicate his actual innocence. Nor is the claim based on a law made retroactive by Supreme Court precedent. Instead, petitioner appears to base his claim on the reclassification of an offense made retroactive by the Texas legislature. Under these circumstances, the remedy afforded by section 2255 is neither "inadequate" nor "ineffective."

Having determined that this action must be brought under section 2255, the court now turns to the issue of jurisdiction. A federal prisoner must seek section 2255 relief from the court which sentenced him. 28 U.S.C. § 2255; *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), *citing Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 n.2 (5th Cir. 1990). This filing requirement is jurisdictional. *United States v. Mares*, 868 F.2d 151, 152 (5th Cir. 1989). Because petitioner was convicted and sentenced in the Southern District of Texas, jurisdiction is proper only in that district.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be construed as a motion to correct, vacate, or set aside sentence and dismissed for lack of jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE